## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ALAN DOERING,**                                                        **PLAINTIFF**
**ADC #106115**

**V.**                          **CASE NO. 4:18-CV-285-BRW-BD**

**WENDEY KELLEY,** *et al*.                                     **DEFENDANTS**

### RECOMMENDED DISPOSITION

### I.      Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Billy

Roy Wilson. Any party may file written objections to this Recommendation. Objections

must be specific and must include the factual or legal basis for the objection. To be

considered, objections must be received in the office of the Court Clerk within 14 days of

this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without

independently reviewing the record. By not objecting, parties may also waive any right to

appeal questions of fact.

### II.     Discussion

A.  Background

Alan Doering, an Arkansas Department of Correction ("ADC") inmate, filed this

lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) He claims

that ADC officers failed to protect him from serious threats made by other inmates.

(Docket entry #2) The Court allowed Mr. Doering to proceed *in forma pauperis* ("IFP"), despite his litigation history, based on allegations that he faced imminent physical injury.

Defendants have now moved to revoke Mr. Doering's IFP status and to dismiss all pending claims. (#21, #23) Mr. Doering has not filed a response to the motion, but he has filed a number of motions that remain pending in this case. The Court will consider Mr. Doering's verified complaint and supplemental filings in reviewing the Defendants' motion to dismiss.

B.  Standard

In deciding whether Mr. Doering has stated a federal claim for relief, the Court must determine whether he has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 561 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge[] [the] claims across the line from conceivable to plausible." *Id*. at 547.

C.  Failure-to-Protect Claim

1.  Factual Allegations

According to Mr. Doering's complaint, on April 10, 2018, while he was housed in general population at the Wrightsville Unit, several inmates affiliated with the Aryan brotherhood physically threatened him. After he reported the threats to staff members, Captain Young placed him on investigative status. (#2 at p.7) The following day, Mr. Doering appeared before Defendants Harris and Lowe at "restrictive housing review." At

that time, Mr. Doering requested "P.C. single man status." (#2 at p.7) Defendants Harris

and Lowe asked Mr. Doering to identify the inmates who had threatened him, but he

refused.

Following the review hearing, Defendant Felts escorted Mr. Doering to his cell

and instructed him to pack his belongings so that he could return to general population.

Mr. Doering refused Defendant Felts's order. As a result, Mr. Doering received a major

disciplinary and was sentenced to fifteen days in punitive isolation. In a supplement to his

amended complaint, Mr. Doering complains that, rather than being placed in protective

custody, Defendants "ordered him to indefinite restrictive housing 24 hour a day lock

down." (#12 at p.1)

On or about, May 18, 2018, Mr. Doering was transferred to the East Arkansas

Regional Unit ("EARU") of the ADC.[1] (#29-2 at p.1)

2.  Analysis

Prison officials have a long-established duty to protect prisoners from violence at

the hands of other prisoners. See *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). In order

to establish this constitutional violation, Mr. Doering must prove that his incarceration at

the Wrightsville Unit posed a substantial risk of serious harm (objective component), and

that Defendants actually knew of, or were deliberately indifferent to, the risk Mr. Doering

---

[1] Mr. Doering states that he was transferred to the EARU on April 18, 2015. In his complaint, filed on April 24, 2018, however he listed his address as the Wrightsville Unit. (#2 at p.7) Mr. Doering filed a notice of change-of-address on May 23, 2018, indicating that he was at the EARU. (#10) Finally, Mr. Doering's status assignment sheet indicates that he was housed at the Wrightsville Unit on May 10, 2018. (#21-1 at p.1)

faced, but disregarded that risk (subjective component). *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003); *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). An inmate's complaints of "general fear for his safety" are not enough to show that a defendant "acted with deliberate indifference." *Robinson v. Cavanaugh*, 20 F.3d 892, 895 (8th Cir. 1994).

Here, it is undisputed that, immediately after Mr. Doering reported that other inmates had threatened him, Mr. Doering was moved out of general population at the Wrightsville Unit. Even though Defendant Harris did not assign Mr. Doering to protective custody, it is undisputed that Mr. Doering did not return to general population at the Wrightsville Unit before his transfer to the EARU.[2] Finally, it is undisputed that Mr. Doering was not injured by any inmate during his incarceration at the Wrightsville Unit.

Based on these facts, Mr. Doering has failed to allege facts that would show that the Defendants knowingly placed him in harm's way, or that he suffered any harm during his incarceration at the Wrightsville Unit. Even assuming Mr. Doering's allegations to be true, the Court cannot conclude that his continued incarceration at the Wrightsville Unit

---

[2] In his subsequent pleadings, Mr. Doering complains about the conditions of his confinement at the EARU. Those claims, however, arose after Mr. Doering filed this lawsuit. Therefore, he could not have fully exhausted his administrative remedies regarding those claims before filing this lawsuit. He cannot pursue those claims in this case. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted").

posed a substantial risk of harm to his safety, or that any of the Defendants disregarded the risk that Mr. Doering faced.

## III.    Conclusion

The Court recommends that the Defendants' motion to dismiss (#23) be GRANTED. Mr. Doering's claims should be DISMISSED, without prejudice. All pending motions (#3, #4, #7, #9, #10, #19, #21, #25, #26, #28, #36, #37) should be DENIED, as moot.

DATED, this 9th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE